IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT WEIDOW,
    Plaintiff,

vs.                                      Case No.:  3:07cv515/MCR/EMT

CHARLIE CRIST, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Okaloosa County Detention Center proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a civil rights complaint on December 2, 2007 (Doc. 1).

    The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court for the District of South Carolina, <u>Weidow v. Richland County, et al.</u>, No. 0:00cv1072-DWS (D.S.C. Apr. 27, 2000), *aff'd*, 230 F.3d 1356 (4th Cir. Sept. 15, 2000) (Table); <u>Weidow v. Richland County Det. Ctr., et al.</u>, No. 0:00cv2816-DWS (D.S.C. May 25, 2001), and <u>Weidow v. Smith, et al.</u>, No. 0:00cv3096-DWS (D.S.C. Nov. 14, 2000), which have been previously dismissed by the district court on the grounds that they were frivolous, failed to state a claim upon which relief could be granted, or sought monetary relief from a defendant who was immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff was incarcerated at the time of filing each of those cases.[1]

---

[1] In each report and recommendation filed in the South Carolina cases, the magistrate judge found that Plaintiff was a pre-trial detainee at the Richland County Detention Center at the time he filed the case, and the district judge accepted the magistrate's findings in the order dismissing each case. Furthermore, in the order dismissing each case, the district judge expressly determined that each case qualified as a "strike" for purposes of § 1915(g).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims the following: (1) he was falsely arrested and is being illegally detained; (2) ever since he discovered corruption and a conspiracy with regard to the misappropriation of federal funds, he has been threatened with bodily harm, "hurt and abused," and fears for his life; (3) he is being denied access to the courts; (4) the telephones at the detention center are being illegally tapped; and (5) his mail and legal mail are being opened and tampered with (Doc. 1 at 3–4). Plaintiff seeks compensatory damages in the amount of $200,000.00 for mental anguish, emotional distress, humiliation, loss of enjoyment, and Defendants' failure to provide adequate security (*id.* at 5).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger

is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g), as his allegations are not grounded in specific facts which indicate ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Although Plaintiff states he has been threatened with bodily harm, and hurt and abused during his incarceration, he does not describe any specific instances of physical harm, nor does he allege that he incurred any serious physical injury. Furthermore, the fact that he seeks compensatory damages for only mental and emotional injury, not for any physical injury, suggests that he did not suffer serious physical injury as a result of any abuse he suffered. Moreover, he does not specifically show how any previous incidents evidence a present threat of serious injury to him. Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute. *See* Medberry, 185 F.3d at 1193. Additionally, although Plaintiff states his personal belief that his life is in danger, he does not allege specific facts to support this belief. In the absence of facts showing that Plaintiff is experiencing ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of death or imminent serious physical injury, this allegation is insufficient to satisfy the imminent physical injury requirement.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 11<u>th</u> day of December 2007.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**